# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

DIONNE MCKINNIE, individually and
on behalf of all others similarly situated,

                Plaintiff,

      v.                                           Case No. 07-CV-774

JP MORGAN CHASE BANK, N.A.,

                Defendant.

_____

# ORDER

The motion of plaintiff Dionne McKinnie for preliminary approval of her class action settlement with JPMorgan Chase Bank, N.A. ("Chase" or "Defendant") came before the Court on April 8, 2009.

Having considered Plaintiff's moving papers, the signed Settlement Agreement and Release attached as Exhibit A to Plaintiff's Memorandum in Support of Plaintiffs' Motion for Preliminary Approval (the "Settlement Agreement"), and all other documentary and oral evidence submitted concerning Plaintiff's motion, due notice having been given and the Court being duly advised in the premises, the Court hereby makes the following findings of fact:

(a)    The settlement proposed in the Settlement Agreement has been negotiated at arms length and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class (as defined below).

(b)    The Class Notice (as described in the Settlement Agreement) fully complies with Rule 23 and due process, constitutes the best notice practicable under

the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

(c)     The Class Action Fairness Act notice, ("CAFA Notice") provided by defendant fully complies with 28 U.S.C. § 1715.  The CAFA Notice was timely delivered on March 20, 2009; the settlement agreement was filed in court on March 16, 2009, and the appropriate officials were timely served with the CAFA Notices.

Based upon the findings of fact and the Court's review of the Motion for Preliminary Approval and all of its attachments (including the settlement agreement):

**IT IS HEREBY ORDERED** that:

1.     The settlement proposed in the Settlement Agreement has been negotiated at arms length and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class.

2.     The following class (the "Settlement Class") is conditionally certified pursuant to Rule 23(b)(3):

> All persons in the United States who used an automated teller machine ("ATM") card issued by a financial institution other than Chase to withdraw cash from an ATM operated by Chase and were charged a fee by Chase for use of the ATM between August 9, 2005, and September 10, 2006.

a.     Plaintiffs Dionne McKinnie and Jason Paradise are designated as class representatives of the Settlement Class.

b.     The law firms of Ademi & O'Reilly LLP and Miller Law LLC are appointed as Settlement Class Counsel.  Settlement Class Counsel shall speak for Plaintiffs at all conferences; delegate responsibilities for all future tasks; maintain

contemporaneous attorneys' fees itemization and insure that there is no unnecessary and/or duplicative work performed; and perform such other duties as may be expressly authorized or required by further Order of Court.

3. In the event that (I) the Settlement Agreement is terminated pursuant to its terms; (ii) Defendant withdraws from the Settlement Agreement; (iii) the Settlement Agreement, Preliminary Approval Order, and Final Judgment and Order are not approved in all material respects by this Court; or (iv) the Settlement Agreement, Preliminary Approval Order, and Final Judgment and Order are reversed, vacated, or modified in any material respect by this or any other court, then (a) all orders entered pursuant to the Settlement Agreement shall be vacated, including, without limitation, the certification of the Settlement Class, and all other relevant portions of this Order, (b) the instant action shall proceed as though the Settlement Class had never been certified, and (c) no reference to the prior Settlement Class, or any documents related thereto, shall be made for any purpose; provided, however, that if the Parties to the Settlement Agreement agree to jointly appeal an adverse ruling and the Settlement Agreement and Final Judgment and Order are upheld on appeal, then the Settlement Agreement and Final Judgment and Order shall be given full force. Defendant retains the right to oppose class certification if the settlement is vacated, and the doctrines of res judicata and collateral estoppel shall not be applied.

4. Notice of the settlement shall be given to Settlement Class Members in the manner set forth in the Settlement Agreement.

Case 2:07-cv-00774-JPS   Filed 04/08/09   Page 3 of 7   Document 20

5.      The form of Notice that Defendant will provide is attached as Exhibit A. Notice will be affected by various publications. Defendant may make changes to the sample Notice either by agreement with Settlement Class Counsel or with Court approval. The publication of the Notice in the manner set forth in the Settlement Agreement shall constitute the "Class Notice." This Class Notice fully complies with the requirements of Rule 23 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

6.      Defendant mailed the CAFA Notice to the appropriate officials on March 20, 2009. The CAFA Notice fully complies with 28 U.S.C. § 1715 and has been timely served.

7.      Members of the Settlement Class shall have until August 10, 2009, to opt out of the Settlement Class, as set forth in the Settlement Agreement and paragraph 11 of this Order.

8.      Members of the Settlement Class shall have until August 10, 2009 to file with this Court a written objection to the settlement, as set forth in the Settlement Agreement and paragraph 12 of this Order, and shall otherwise have no right to object to the Settlement Agreement. Only Settlement Class Members shall have the right to object to the proposed settlement.

9.      Settlement Class Counsel shall submit to the Court a list of the individual members of the Settlement Class seeking to opt out by August 10, 2009.

10.    The final hearing to determine whether the settlement is fair, reasonable, and adequate, and whether it should be approved by the Court, will be conducted on **September 29, 2009, at 8:30 A.M.** in Courtroom 425 of this Court.

11.    A request for exclusion from the Settlement Class must be in writing and state the name, address, and phone number of the person(s) seeking exclusion. Each request must also contain a signed statement that: "I/we hereby request that I/we be excluded from the proposed Settlement Class in the Chase ATM Fee Litigation." The request must be mailed to Settlement Class Counsel at the address provided in the Class Notice and received by August 10, 2009.

12.    Any Settlement Class Member who objects to the settlement may appear in person or through counsel, at his or her own expense, at the final hearing to present any evidence or argument that may be proper and relevant. However, no Settlement Class Member shall be heard and no papers, briefs, pleadings, or other documents submitted by any member of the Settlement Class shall be received and considered by the Court unless, no later than August 10, 2009, such member of the Settlement Class shall both file with the Court and mail to Settlement Class Counsel and counsel for Defendant, at the addresses designated in the class action settlement notice, a written objection that includes (a) a notice of intention to appear, (b) a statement of membership in the Settlement Class, and (c) the specific grounds for the objection and any reasons that such member of the Settlement Class desires the Court to consider. Any member of the Settlement Class who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and

forever be barred from making any objections in the above-captioned lawsuit or in any other action or proceeding.

13.     In aid of the Court's jurisdiction to implement and enforce the proposed settlement, Plaintiffs and all members of the Settlement Class are preliminarily enjoined from commencing or prosecuting any action asserting any of the Released Claims (as defined in the Settlement Agreement), either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority or forum wherever located.   Any person or entity who knowingly violates this injunction shall pay the costs and attorneys' fees incurred by Defendant as a result of the violation.  Nothing in this paragraph shall be construed to prevent a member of the Settlement Class from presenting objections to this Court regarding the Settlement Agreement in accordance with the terms of this Order.

14.     All papers in support of or in opposition to the Settlement Agreement shall be filed and served in accordance with the following schedule: (a) any objections by members of the Settlement Class, and any papers in opposition to the settlement, shall be filed with the Court on or before August 10, 2009, and served as provided above, and (b) all papers in support of the settlement, including responses to objections, shall be filed with the Court and served on or before August 31, 2009.  There shall be no replies.

15.     Attorneys representing members of the Settlement Class in this action, other than Settlement Class Counsel herein, must file an appearance with the Clerk

of the United States District Court for the Eastern District of Wisconsin, and send a copy to Settlement Class Counsel and counsel for Defendant at the addresses listed in the class action settlement notice. The appearance must be filed on or before August 10, 2009.

16. In the event that the settlement does not become final in accordance with the terms of the Settlement Agreement, then this Order shall be void and shall be deemed vacated.

17. The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the final approval hearing without further notice to the Settlement Class.

Dated at Milwaukee, Wisconsin, this 8th day of April, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge