UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| DIONNE MCKINNEI, individually and ) <br> On Behalf of all others similarly situated, ) <br> ) <br>       Plaintiff, ) <br> ) <br>   v. ) <br> ) <br> JP MORGAN CHASE BANK, N.A., ) <br> ) <br>       Defendant. ) | Case No. 07-CV-774 <br><br> Hon. JP Stadtmueller |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ATTORNEY'S FEES

This memorandum is submitted in support of Counsel for Objector, Chance White and Rona White, Motion for Attorney Fees incurred in the prosecution of their Objection as detailed below. For the reasons set forth herein, Counsel for Objectors, Chance White and Rona White, respectfully suggest that the Motion for Attorney Fees should be approved.

## I. PRELIMINARY STATEMENT

Class Counsel successfully negotiated a settlement with the defendant, JP Morgan Chase, which provided for a settlement in the amount of up to $2.1 million. The $2.1 million was to be used to pay the costs of providing notice, the costs of settlement administration, attorneys' fees to settlement class counsel, incentive payment to the named plaintiff and payment to class members who make claims for reimbursement.

Under the proposed settlement, each Settlement Class Member was eligible to receive a refund up to the full amount paid in fees for withdrawing money from a Chase ATM during the relevant time period, so long as such refunds would not cause defendant to pay more than $2.1 million for all costs associated with settlement. For example, if you used a Chase ATM once during the relevant period and were charged a $2.00 fee, you would be eligible for a refund that

would not exceed the $2.00 fee. If you used a Chase ATM and were charged a $2.00 fee five times during the relevant time period, you would be eligible for a refund that would not exceed $10.00. The ATM fee at most Chase ATMs was either $1.50 or $2.00 during the relevant time period.

In objectors' initial objection, objectors argued for "some sort of 'pro rata distribution' to class members" as the fairest and most appropriate outcome. See Docket. No.24, at 5. The information received from the Claims Administrator, combined with additional information provided by Class Counsel, suggests that in effect, a pro rata distribution is in fact being made. These objections were filed prior to the receipt of the final numbers reflecting distribution of the common fund to the class. Since the previous hearing on November 24, 2009, the Parties have provided the final numbers reflecting the amount and distribution of the settlement from the administrator.

The administrator received 1,211 claims. (Doc. # 35 Affidavit of Kimberly Ness attached to Declaration of Robert O'Reilly in Support of Joint Petition for Attorneys' Fees and Expenses on Behalf of Ademi & O'Reilly, LLP para. #3) 934 of the submitted claims have been determined to be valid claims. (Doc. # 35 Affidavit of Kimberly Ness para. #5) The average number of transactions per claim is about twelve transactions. (Doc. #35 Affidavit of Kimberly Ness para. 9) Class counsel and counsel for Chase agreed that each claimant whose Redacted PAN from Chase's database would receive an amount based on 100 transactions, or $200. (Doc. #35) Two claimants that may have made over 100 transactions will be paid an amount equaling $2.00 times the number of transactions made by the un-redacted PAN matching their Redacted PAN with the highest number of transactions. (Doc. #35) For those two claimants, those amounts are $290 and $390. (Doc. #35)

Using these calculations, the payout to individual class members will total approximately $187,080. (Doc. #35)

As previously stated there were only 934 claims determined to be valid and the average number of transactions per claim is about twelve transactions. Thus, using the plan of allocation provided in the original settlement $22,416 would have been distributed to the claimants. However, now that the parties have agreed to use "some sort of 'pro rata distribution' the claimants will receive $187,080. Thus, a change in the method of calculating the individual claims has increased the distribution to the claimants in the amount of $164,664.

I have spoken with class counsel, and they acknowledge that Rona White and Chance White's objections provided a significant monetary benefit to the class members. All Class Counsel and Defense Counsel further informed me that they would have no objection to objectors' filing for attorneys' fees in an amount that does not exceed$25,000.00.

## II. THE LEGAL STANDARDS GOVERNING AWARDS OF ATTORNEYS' FEES

It is well-settled that attorneys who represent a class and achieve a benefit for the class members are entitled to be compensated for their services. The Supreme Court has recognized that "a lawyer who recovers a common fund for the benefit of persons other than ... his client is entitled to a reasonable attorney's fee from the fund as a whole." ***Boeing Co. v. Van Gemert***, 444 U.S. 472, 478 (1980); ***Savoie v. Merchants Bank***, 84 F.3d 52, 56 (2d Cir. 1996). Likewise, Objector's are entitled to be compensated for their services.

Several courts have awarded attorneys' fees even in the absence of a showing that the objectors obtained an economic benefit for the class. For example, the court in ***In re Indep. Energy Holdings PLC Sec. Litig.***, 2003 U.S. Dist. LEXIS 21322, No. 00 Civ. 6689 (SAS), 2003 WL 22801724 (S.D.N.Y. Nov. 24, 2003), reduced class counsel's fee request, as the objectors

urged. Although stating that it "likely [would] have reached the same result, with or without the objectors' comments," the Court nevertheless concluded that the objectors were entitled to an award of fees because "some of the viewpoints and facts highlighted by the objectors assisted the Court in making an appropriate fee award" and because the "the overall settlement was improved by their efforts." *Id.* 2003 U.S. Dist. LEXIS 21322, [WL] at *1. Similarly, in ***Frankenstein v. McCrory Corp***., 425 F. Supp. 762 (S.D.N.Y. 1977), a class member sought attorney's fees for objecting to the structure of the settlement. The court granted the request for fees, reasoning (id. at 767):

> The objections raised, although ultimately overruled, were not frivolous, and the presence of an objector represented by competent [*16] counsel transformed the settlement hearing into a truly adversarial proceeding. The objections to the settlement caused this Court to spend even more hours in analyzing and assessing the complex settlement agreement, and cast in sharp focus the question of the fairness and adequacy of the settlement to all the members of the class.

Under the percentage of recovery method the Counsel for Objector Rona White and Chance White is entitled to an attorney's fee of $54,339.12. Prior to the changes produced by Rona White and Chance White's Objection, the claimants would have received a total of $22,416.00. After the objections, the method of calculating the claim amounts were changed whereby the claimants will receive at total of $187,080. Therefore, the Rona White and Chance White Objections resulted in an additional $164,664 being distributed to the claimants.

Under the loadstar method, Counsel for the Objectors are entitled to a fee of $34,600.00 based upon the Declaration and time sheets that are affixed hereto and the hourly rates as described in *In Re: Sulzer Hip Prosthesis and Kneww Prosthesis Liability Litigation*, 268 F. Supp. 2d 907; 2003 U.S. Dist. LEXIS 15662 (June 12, 2003). Because the hourly rates submitted by attorneys of the same experience varied substantially, the Court "equalized" the attorneys' lodestar calculations by substituting the following hourly rates, depending on years of practice: 1-5 years, $ 200/hour; 6-9 years, $ 300/hour; 10-14 years, $ 400/hour; and 15 years and over, $ 500/hour. **In Re: Sulzer Hip Prosthesis and Kneww Prosthesis Liability Litigation**, 268 F. Supp.2d 907; 2003 U.S. Dist. LEXIS 15662 (June 12, 2003).

### III. CONCLUSION

For the foregoing reasons, Objectors Counsel respectfully requests this Court approve Objectors Counsel application for attorneys' fees in the amount of $25,000.00.

Respectfully submitted,

By: /s/ Chance C. White
Chance C. White (LA Bar No. 25534)
A Professional Law Corporation
104 Catherine Court
Laplace, Louisiana 70068
Tel: (504) 487-9161
Attorney for Chance White and Rona White

# CERTIFICATE OF SERVICE

        I hereby certify that I have on this day placed a copy of the above and foregoing with United States mail, first class, to each of the following parties:

Robert O'Reilly
Ademi & O'Reilly, LLP
3620 East Layton Ave.
Cudahy, WI 53110

Marvin Alan Miller
Miller Law Firm, LLC
115 S. Lasalle Street
Suite 2910
Chicago, IL 60603

Mark B. Blocker
Sidley Austin LLP
One S. Dearborn Street
Chicago, IL 60603


        This the 7th day of December 2009.


        /s/ Chance C. White
        Chance C. White (LA Bar No. 25534)
        A Professional Law Corporation
        104 Catherine Court
        Laplace, Louisiana 70068
        Tel: (504) 487-9161
        Attorney for Chance White
        and Rona White